FILED
2023 Apr-06  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN CELESKI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action Number: 5:22-CV-01600-HNJ |
| | ) |
| TOM BROWN'S RESTAURANT | ) |
| AT MADISON, LLC, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
## BY DEFENDANT TOM E. BROWN

For answer to the first amended complaint of plaintiffs Justin Celeski, Ashton Murdock, Rachel Markum, and Ashlee Henthorne (collectively "plaintiffs"), defendant Tom E. Brown ("Tom") states:

The allegations contained in the unnumbered paragraph prior to paragraph 1 of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims. To the extent any response is required, Tom denies each and every allegation contained in this paragraph.

## I.    OVERVIEW:

1-6.    The allegations contained in paragraphs 1 through 6, inclusive, of the first amended complaint are not allegations of fact for which a responsive pleading

is required, but instead are merely descriptive of plaintiffs' claims and a summary of the Fair Labor Standards Act ("FLSA") and 26 U.S.C. § 7434 of the Internal Revenue Code ("IRC"), which speak for themselves. To the extent any response is required, Tom denies each and every allegation contained in paragraphs 1 through 6, inclusive.

## II.    JURISDICTION AND VENUE:

7-14.  In response to the allegations contained in paragraphs 7 through 14, inclusive, of the first amended complaint, Tom specifically states that he does not challenge venue, personal jurisdiction, or the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1331. Except as expressly stated, Tom denies each and every remaining allegation in paragraphs 7 through 14, inclusive.

## III.   PARTIES:

15-18.       In response to the allegations contained in paragraphs 15 through 18, inclusive, of the first amended complaint, Tom specifically admits plaintiffs worked at Tom Brown's Restaurant at Madison, LLC's ("Tom Brown's") location in Madison. Except as expressly admitted, Tom is without sufficient information to admit or deny the remaining allegations contained in paragraphs 15 through 18, inclusive. Accordingly, he must deny same.

19-21.    The allegations contained in paragraphs 19 through 21, inclusive, of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims and the parties to this action. To the extent any response is required, Tom denies each and every allegation contained in paragraphs 19 through 21, inclusive.

22.    In response to the allegations contained in paragraph 22 of the first amended complaint, Tom specifically admits that Tom Brown's is an Alabama Limited Liability Company conducting business in the State of Alabama and was the employer of plaintiffs at all relevant times. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 22.

23.    In response to the allegations contained in paragraph 23 of the first amended complaint, Tom specifically admits that Tom Brown's business address is 8141 Highway 72 W, Suite A, Madison, Alabama 35758. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 23.

24.    In response to the allegations contained in paragraph 24 of the first amended complaint, Tom specifically admits that he is over the age of 19 and is a resident of Madison, Madison County, Alabama. Tom further admits he is an owner and member of Tom Brown's and is the husband of Ashley W. Brown ("Ashley"). Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 24.

25.     In response to the allegations contained in paragraph 25 of the first amended complaint, Tom specifically admits that Ashley is over the age of 19 and is a resident of Madison, Madison County, Alabama. Tom further admits he is husband of Ashley. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 25.

## IV.   FACTS:

26.     In response to the allegations contained in paragraph 26 of the first amended complaint, Tom specifically admits that Tom Brown's is engaged in the commerce of goods and services as it relates to the food industry. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 26.

27.     Tom admits the allegations contained in paragraph 27 of the first amended complaint.

28.     In response to the allegations contained in paragraph 28 of the first amended complaint, Tom specifically admits he owns and operates Tom Brown's. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 28.

29.     In response to the allegations in paragraph 29 of the first amended complaint, Tom specifically admits plaintiffs were employees at Tom Brown's location in Madison. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 29.

30.    Tom denies each and every allegation contained in paragraph 30 of the first amended complaint.

## COUNT ONE
## VIOLATIONS OF FLSA

In response to the unnumbered paragraph prior to paragraph 31 of the first amended complaint, Tom incorporates by reference his previous responses in paragraphs 1 through 30, inclusive, as if fully stated here.

31-33.    The allegations contained in paragraphs 31 through 33, inclusive, of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims and the parties to this action. To the extent any response is required, Tom denies each and every allegation contained in paragraphs 31 through 33, inclusive.

34-39.    Tom denies each and every allegation contained in paragraphs 34-39, inclusive, of the first amended complaint.

40.    In response to the allegations contained in paragraph 40 of the first amended complaint, Tom specifically admits Tom Brown's begins serving its customers at 4:00 p.m. daily. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 40.

41-49.    Tom denies each and every allegation contained in paragraphs 41 and 49, inclusive, of the first amended complaint.

50.    In response to the allegations contained in paragraph 50 of the first amended complaint, Tom specifically admits that Tom Brown's stops seating customers at 9:00 p.m. Monday through Friday and at 10:00 p.m. on weekends at its Madison location. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 50.

51-57.    Tom denies each and every allegation contained in paragraphs 51 through 57, inclusive, of the first amended complaint.

**Opt-In Class Request**

58-64.    Tom denies each and every allegation contained in paragraphs 58 and 64 of the first amended complaint.

## CLASS CERTIFICATION OF THE IRC CLASS

65.    The allegations contained in paragraph 65 of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims and the parties to this action. To the extent any response is required, Tom denies each and every allegation contained in paragraph 65.

66-68.    Tom denies each and every allegation contained in paragraphs 66 through 68, inclusive, of the first amended complaint.

**Facts for Class Certification**

69.    The allegations contained in paragraph 69 of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims. To the extent any response is required, Tom denies each and every allegation contained in this paragraph.

70-71.    In response to the allegations contained in paragraphs 70 and 71 of the first amended complaint, Tom specifically admits that Tom Brown's is required to file, and does file, properly completed tax documents, including quarterly 941 forms to report income tax, Social Security tax, and Medicare tax withheld from employees' paychecks. Tom also admits Tom Brown's files annual 8027 forms and any other required business forms with the IRS. Except as expressly admitted, Tom is without sufficient information to admit or deny the remaining allegations contained in paragraphs 70 and 71. Accordingly, he must deny such allegations.

72-74.    The allegations contained in paragraphs 72 through 74, inclusive, of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims and their respective counsel. To the extent any response is required, Tom denies each and every allegation contained in paragraph 72 through 74, inclusive.

75.    Tom denies each and every allegation contained in paragraph 75 of the first amended complaint.

76-80.    The allegations contained in paragraphs 76 through 80, inclusive, of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' claims and their characterizations of why this case should be certified as a class action. To the extent any response is required, Tom denies each and every allegation contained in paragraph 76 through 80, inclusive.

81-85.    Tom denies each and every allegation contained in paragraphs 81 through 85, inclusive, of the first amended complaint.

## V.    CAUSES OF ACTION:

### COUNT TWO
### DEFENDANTS' VIOLATIONS OF THE
### INTERNAL REVENUE CODE 26 U.S.C. § 7434
### (AGAINST ALL DEFENDANTS)

In response to the unnumbered paragraph prior to paragraph 86 of the first amended complaint, Tom incorporates by reference his previous responses in paragraphs 1 through 30, inclusive, as if fully stated here.

86.    In response to the allegations contained in paragraph 86 of the first amended complaint, Tom specifically admits that Tom Brown's was the employer of plaintiffs at all relevant times. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 86.

87.    The allegations contained in paragraph 87 of the first amended complaint are not allegations of fact for which a responsive pleading is required, but

instead are merely descriptive of plaintiffs' claims. To the extent any response is required, Tom denies each and every allegation contained in this paragraph.

88.    Tom admits the allegations contained in paragraph 88 of the first amended complaint.

89.    The allegations contained in paragraph 89 of the first amended complaint are not allegations of fact for which a responsive pleading is required, but instead are merely descriptive of plaintiffs' understanding of 26 U.S.C. § 7434. To the extent any response is required, Tom denies each and every allegation contained in this paragraph.

90-94.    Tom denies each and every allegation contained in paragraphs 90 through 94, inclusive, of the first amended complaint.

95.    In response to the allegations contained in paragraph 95 of the first amended complaint, Tom specifically admits that Tom Brown's is required to file, and does file, properly completed tax documents, including quarterly 941 forms to report income tax, Social Security tax, and Medicare tax withheld from employees' paychecks. Tom also admits Tom Brown's files annual 8027 forms and any other required business forms with the IRS. Except as expressly admitted, Tom denies each and every remaining allegation in paragraph 95.

96.    Tom denies each and every allegation contained in paragraph 96 of the first amended complaint.

97.    Tom admits the allegations contained in paragraph 97 of the first amended complaint.

98-101.    Tom denies each and every allegation contained in paragraphs 98 through 101, inclusive, of the first amended complaint.

## COUNT THREE
## BREACH OF CONTRACT
## (AGAINST DEFENDANT TOM BROWN'S)

In response to the unnumbered paragraph prior to paragraph 102 of the first amended complaint, Tom incorporates by reference his previous responses in paragraphs 1 through 30, inclusive, as if fully stated here.

102-112.    Tom denies each and every allegation contained in paragraphs 102 through 112, inclusive, of the first amended complaint.

113.    Tom denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

## COUNT FOUR
## UNJUST ENRICHMENT
## (ALL DEFENDANTS)

In response to the unnumbered paragraph prior to paragraph 114 of the first amended complaint, Tom incorporates by reference his previous responses in paragraphs 1 through 30, inclusive, as if fully stated here.

114-115.    Tom denies each and every allegation contained in paragraphs 114 and 115 of the first amended complaint.

116.   Tom denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

### COUNT FIVE
### CONVERSION
### (AGAINST ALL DEFENDANTS)

In response to the unnumbered paragraph prior to paragraph 117 of the first amended complaint, Tom incorporates by reference his previous responses in paragraphs 1 through 30, inclusive, as if fully stated here.

117-119.    Tom denies each and every allegation contained in paragraphs 117 through 119, inclusive, of the first amended complaint.

## VI.   PRAYER FOR RELIEF:

In response to the *ad damnum* clause in this section,  Tom denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

## VII.   JURY DEMAND:

No response to plaintiffs' jury demand is necessary or required.

### ADDITIONAL DEFENSES

### First Affirmative Defense

Some or all of plaintiffs' claims, and any claims of persons of the proposed collective action and class action, fail to state a claim against Tom upon which relief can be granted.

## Second Affirmative Defense

Plaintiffs, and persons of the proposed collective action and class action, are not entitled to any judgment against Tom, and they are not entitled to recover any damages, interest, costs, attorneys' fees, or any other relief whatsoever from Tom.

## Third Affirmative Defense

All of Tom's actions or omissions with respect to the matters at issue in this case were reasonable, necessary, legally protected, and justified under the circumstances. Therefore, Tom has no liability to plaintiffs or any persons of the proposed collective action and class action.

## Fourth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action and class action, are barred, in whole or in part, because plaintiffs have failed to mitigate, avoid, or otherwise reduce their damages or injuries, if any.

## Fifth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action and class action, are barred because Tom acted in good faith, with due care and without malice, and in conformity with all applicable rules, regulations, constitutional provisions, decisional authorities, procedures, statutes, and statutory interpretations.

## Sixth Affirmative Defense

Tom is not subject to liability because plaintiffs, and persons of the proposed collective action and class action, were employed in a tipped occupation and not all of their duties need by themselves be directed toward producing tips.

## Seventh Affirmative Defense

Tom is protected from all liability for back-pay to the extent that he relied in good faith on written administrative regulations, orders, rulings, approvals, or interpretations issued by the Department of Labor's Wage and Hour Division. See 29 U.S.C. § 259.

## Eighth Affirmative Defense

Tom is not liable for liquidated damages to the extent he had a reasonably good faith belief he was not violating the FLSA.

## Ninth Affirmative Defense

Plaintiffs' claims are barred to the extent that they seek damages beyond the applicable two-year limitations period under 29 U.S.C. § 255(a).

## Tenth Affirmative Defense

Plaintiffs' claims are barred to the extent that they have submitted false and inaccurate time reports.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred to the extent that they have been paid all wages due under the FLSA.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred to the extent they seek compensation for non-compensable activities under the Portal-to-Portal Act of 1947.

### Thirteenth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action and class action, are barred, in whole or in part, to the extent that the time they claimed to have worked was not compensable and to the extent such time was *de minimis*.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred to the extent that their activities did not constitute "work," and to the extent Tom was not aware they were "working."

### Fifteenth Affirmative Defense

Tom asserts the defenses of *in pari delicto*, laches, unclean hands, estoppel, release, waiver, acquiescence, accord and satisfaction, and/or other equitable defenses against plaintiffs' claims and any claims of persons of the proposed collective action and class action.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred to the extent that any recovery would constitute unjust enrichment for time worked for which they received compensation.

### Seventeenth Affirmative Defense

Tom's actions were not intentional or willful, and all claims and damages for actions more than two years prior to the filing of the first amended complaint are barred.

### Eighteenth Affirmative Defense

Plaintiffs' FLSA claims are barred to the extent that they failed to comply with the administrative prerequisites essential to the maintenance of their claims under the FLSA.

### Nineteenth Affirmative Defense

Plaintiffs' FLSA claims are barred to the extent that they failed to exhaust their administrative remedies before pursuing their claims under the FLSA.

### Twentieth Affirmative Defense

Tom asserts that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded under the FLSA.

### Twenty-first Affirmative Defense

Tom denies engaging in any conduct entitling plaintiffs to recover punitive damages.

### Twenty-second Affirmative Defense

Any tip pool by servers of Tom Brown's was a valid tip pool under 29 U.S.C. § 203(m).

### Twenty-third Affirmative Defense

Tom asserts that plaintiffs are not covered employees under the FLSA.

### Twenty-fourth Affirmative Defense

Tom asserts that he is not a covered entity under the FLSA.

### Twenty-fifth Affirmative Defense

Some or all of plaintiffs' claims, and any claims of persons of the proposed collective action and class action, are barred by the applicable statute of limitations.

### Twenty-sixth Affirmative Defense

Collective action certification is not appropriate pursuant to § 216(b) of the FLSA.

### Twenty-seventh Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action and class action, may be barred, in whole or in part, to the extent plaintiffs and purported members of the proposed collective action and class action, have previously pursued any claim before the United States Department of Labor and/or an appropriate state agency.

### Twenty-eighth Affirmative Defense

Any claim for liquidated damages under the FLSA is barred under the Portal-to-Portal Act of 1947 because Tom was at all times acting in good faith and had reasonable grounds for believing his actions were not in violation of the FLSA.

### Twenty-nineth Affirmative Defense

To the extent plaintiffs, or any person of the proposed collective action or class action, have signed a release or waiver encompassing claims alleged in the first amended complaint, or signed a contractual waiver contrary to their claims, those claims are barred by that release or waiver.

### Thirtieth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, may be barred, in whole or in part, to the extent they were not filed within the applicable limitations period.

### Thirty-first Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, may be barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

### Thirty-second Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, are barred, in whole or in part, to the extent that they seek compensation for work other than compensable working time.

### Thirty-third Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, have been paid all wages, wage supplements, and premiums due to them under the FLSA, in particular, under its provisions regarding tipped employees for hours worked for Tom Brown's.

### Thirty-fourth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, may be barred, in whole or in part, because plaintiffs cannot establish one or more of the prerequisites necessary to pursue their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

### Thirty-fifth Affirmative Defense

Plaintiffs, or any person of the proposed collective action or class action, lack standing to raise the claims they seek to bring against Tom.

### Thirty-sixth Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, may be barred, in whole or in part, and/or recovery is precluded or

limited because Tom's acts or omissions, if any, were not willful within the meaning of applicable law.

### Thirty-seventh Affirmative Defense

Plaintiffs' claims, and any claims of persons of the proposed collective action or class action, may be barred, in whole or in part, and/or recovery is precluded or limited because there exists a reasonable, good faith dispute regarding the amount (if any) of wages due to plaintiffs, or the members of the proposed collective action or class action, and were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

### Thirty-eighth Affirmative Defense

Plaintiffs have been paid and/or tendered all wages to which they are due.

### Thirty-nineth Affirmative Defense

The type of claims plaintiffs seek to bring as a collective action and/or class action are matters over which individual issues predominate and therefore are not appropriate for collective treatment.

### Fortieth Affirmative Defense

Plaintiffs are not similarly situated with other current or former employees of Tom Brown's for the purposes of maintaining a collective action under 29 U.S.C. § 216(b).

**Forty-first Affirmative Defense**

Plaintiffs' claims are waived and/or estopped because they verified that they were paid for all hours worked, and that they never shared tips with any employees who were not customarily tipped.

**Forty-second Affirmative Defense**

To the extent discovery reveals that plaintiffs falsely reported unworked hours, and there is no evidence Tom knew or should have known plaintiffs were providing false information, the doctrine of estoppel is invoked to bar the claims asserted by plaintiffs.

**Forty-third Affirmative Defense**

Plaintiffs are barred from obtaining certification of a collective action and class action because damages, if any, are unique, individualized, and nominal.

**Forty-fourth Affirmative Defense**

Plaintiffs are barred from obtaining certification of a collective action and/or class action because neither is the superior method of adjudicating this case and such treatment does not benefit the Court or the parties. A collective action and/or class action would result in confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and to Tom.

### Forty-fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the work performed falls within exemptions, exclusions, exceptions, or credits provided for in §§ 3, 7, and 13 of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 207 and 29 U.S.C. § 213, any other exemptions set for in the FLSA, or a combination of said exemptions pursuant to 29 C.F.R. § 541.708.

### Forty-sixth Affirmative Defense

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment, or offsets permissible under the FLSA.

### Forty-seventh Affirmative Defense

The actions of Tom were not undertaken with reckless disregard for the requirement of the statutes and/or regulations at issue.

### Forty-eighth Affirmative Defense

To the extent plaintiffs, or persons of the proposed collective action or class action, purport to represent they worked any uncompensated time, Tom lacked actual or constructive knowledge of such work.

### Forty-nineth Affirmative Defense

Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to rule 23 of the <u>Federal Rules of Civil Procedure</u> or a collective action pursuant to 29 U.S.C. § 216(b).

## Fiftieth Affirmative Defense

To the extent that plaintiffs have suffered any legally cognizable damage or injury, such damage or injury was caused by, and is the responsibility of, individuals and/or entities other than Tom.

## Fifty-first Affirmative Defense

Plaintiffs, and persons of the proposed collective action and class action, have no maintainable claim under 26 U.S.C. § 7434.

## Fifty-second Affirmative Defense

Tom is not an "employer" as that term is defined for purposes of 26 U.S.C. § 7434.

## Fifty-third Affirmative Defense

Tom did not act "willfully" as that term is defined for purposes of 26 U.S.C. § 7434.

Tom reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the first amended complaint have not been expressly admitted or denied, they are denied and strict proof of each such allegation is demanded.

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Christopher M. Pape (ASB-7563-R66P)
Stephanie M. Gushlaw (ASB-1050-F67A)

**Attorneys for defendants Tom Brown's Restaurant at Madison, LLC; Tom E. Brown; and Ashley W. Brown**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  cgb@lanierford.com
           cmc@lanierford.com
           smg@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of April, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DANIEL PATRICK EVANS
**THE EVANS LAW FIRM, P.C.**
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Facsimile: (205) 870-7763
Email: dpevans@evanslawpc.com

*S/C. Gregory Burgess*
C. Gregory Burgess