**EXHIBIT 1**



# The EVANS LAW FIRM P.C.

G. Daniel Evans
gdevans@evanslawpc.com

Alexandria Parrish, JD, CPA, MST
ap@evanslawpc.com

Maurine C. Evans
mevans@evanslawpc.com

D. Patrick Evans
dpevans@evanslawpc.com

August 1, 2023

VIA EMAIL: cgb@lanierford.com, smg@lanierford.com, cmp@lanierford.com
AND U.S. MAIL

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
Lanier, Ford, Shaver & Payne, P.C.
Post Office Box 2087
Huntsville, Alabama 35805

    RE:    Celeski, et al v. Tom Brown's Restaurant at Madison, LLC, et. al.
              Case No. 5:22-cv-01600-HNJ

Dear Greg, Stephanie and Christopher:

    As you know, on May 9, 2023, we issued Plaintiffs' First Interrogatories, Request for Admissions, and Request for Production of Documents. Due to ongoing case responsibilities, you requested a 30-day extension in responding to our discovery requests. You agreed that all deadlines would be extended by 30 days so we did not object, and the court granted this request on June 12, 2023. On July 10, 2023, you provided responses to our discovery requests with <u>unsigned responses to interrogatories</u>. Please produce signed responses to interrogatories immediately as those are now well overdue, but unfortunately your responses are deficient in several areas.

    I am writing to address the deficiencies in your responses to the Plaintiffs' First Discovery Requests. As an initial matter, all of Defendants' responses to the interrogatories contain general, boilerplate objections without specifying what specific objections you are relying upon. We request that you list any objections

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Two

upon which you are relying with specificity, and, if you are withholding any document(s) based upon the assertion of a privilege or otherwise, that you provide a privilege log stating the document(s) being withheld and the privilege/objection upon which you are relying as the reason for not producing the document(s). Additionally, two pages were produced that are completely redacted (D00133-134); please produce unredacted pages or produce a privilege log describing the document and the basis for redaction.

The following is a list of deficiencies in your production as pertains to our requests.

Request 1. List the names, addresses and inclusive dates of employment of each employee who worked at Tom Brown's Restaurant At Madison (Tom Brown's) at any time since March 23, 2020 and who was employed as a tip-credit employee.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, pursuant to rule 33(d) of the Federal Rules of Civil Procedure, defendants will produce non-objectionable materials from which an answer to this interrogatory may be ascertained to the extent any responsive materials exist.
>
> **DEFICIENCY:** A list titled 'TBM Server Hire and Exit Dates' lists first name, last name, hire date, start serving, and last day worked (D00130-132). Please confirm that this list is your response to this request and if so, produce the address for each server as requested which you have improperly redacted.

Request 2. For each of the individuals who worked at Tom Brown's as a tip-credit employee on or after March 23, 2020, produce their employment file, payroll records, and close-out statements for the dates of their employment.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Three

> discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.
>
> **DEFICIENCY:** Only a few documents relating to the named Plaintiffs have been produced. None have been produced concerning the other tip credit employees. If these are not in your possession please state so clearly, and if they are, please produce the documents requested.

Request 4. State and name and address of any accountant or CPA whose services where used by the Defendants at any time since March 23, 2020 and the inclusive dates of their service.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that Tom Brown's uses Paul Lindgren of Seaman, Shinkunas & Lindgren PC as its accountant.
>
> **DEFICIENCY:** Please state the inclusive dates of Mr. Lindgren's service and any others in the time from March 23, 2020 to date.

Request 5. State the names and addresses of any in-house bookkeeper or accountant responsible for calculation of tips owed to employees, including the inclusive dates of that person's responsibility.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, defendants state that managers perform nightly cash out operations and are responsible for calculating employee tips.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Four

> **DEFICIENCY:** This response does not provide the names and addresses of the individuals nor the inclusive dates of their responsibilities. Please answer the request as stated.

Request 6. State the names and addresses of all employees who currently or previously worked at Tom Brown's and who have signed acceptance of offers made by Tom Brown's after the Department of Labor investigation.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, pursuant to rule 33(d) of the Federal Rules of Civil Procedure, defendants will produce non-objectionable materials from which an answer to this interrogatory may be ascertained to the extent any responsive materials exist.
>
> **DEFICIENCY:** You have produced a listing in which you redacted the addresses (D0086-0094). There is no basis for your redaction as this production is not filed in court. Please reproduce with the addresses of the employees as requested.

Request 7. Identify the app and/or any other communication tool used by the Defendants to communicate with employees during the class period of March 23, 2020 to date and produce copies of any text messages, emails, or app communications with any of the individuals you were requested to identify in paragraph 1 above.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, Defendants state that Tom Brown's utilizes the "7Shifts" app. Defendants are in the process of compiling non-objectionable materials that are reasonably responsive to this request and will supplement their production with same as soon as practicable.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Five

> **DEFICIENCY:** None has been produced from the 7Shifts app. Please produce all texts from March 23, 2020 to the present as requested. There has been no supplement to this response as promised.

Request 9. Please identify the names of any individuals who served as your bartenders, busboys or back-of-house employees who shared in the tips earned by the tip credit servers and state the percentage of their share and the time frame of that sharing arrangement.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, defendants state that they are compiling responsive information to this request and will supplement this response as soon as practicable.

> **DEFICIENCY:** Please answer the request as stated. There has been no information provided and no supplement and we are now well after the extended time allowed for your responses.

Request 11. Produce copies of any and all documents, emails, or reports transmitted to or received from the Department of Labor concerning your employee practices at any time since March 23, 2020 to date.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, pursuant to rule 33(d) of the Federal Rules of Civil Procedure, defendants will produce non-objectionable materials from which an answer to this interrogatory may be ascertained to the extent any responsive materials exist.

> **DEFICIENCY:** The only documents produced relating to this request are the Department of Labor's Summary of Unpaid Wages (D00108-00119) and unsigned DOL receipts for Payment of Back Wages for several employees (D00135-D00446). Please provide the documents as requested and if you are

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Six

withholding anything based upon your objections, please indicate and the specifics of your objection so that the validity of your objection can be determined.

Request 12. Produce copies of the W-2 statements for all the individuals who were employed by you as tip credit employees at any time since March 23, 2020 to date.

**RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

**DEFICIENCY:** The only W-2s produced were for four (4) employees: Rachel Markum, Ashlee Henthorne, Justin Celeski, and Ashton Murdock (D00120-D00129). You listed fifty-nine employees (D0086-0094) and sixty (60) employees (D00130-132) in response to request #6 and no supplement has been made. Please produce the documents as requested.

Request 13. Produce copies of your quarterly payroll tax returns for the period of March 23, 2020 to date.

**RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

**DEFICIENCY:** No payroll tax returns have been produced. Please produce the documents as requested.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Seven

Request 15. Produce copies of the pay stubs for all the individuals employed by you since March 23, 2020 to date as pertains to the individuals you have been requested to identify in paragraph 1.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, defendants state that they are in the process of compiling non-objectionable materials that are reasonably responsive to this request and will supplement their production with same as soon as practicable.
>
> **DEFICIENCY:** No pay stubs have been produced. Please produce the documents as requested as again, these are well past due even after the extended time allowed for your responses.

Request 16. Identify what individual in your organization prepares information for transfer to the payroll system.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, Defendants state that managers are responsible for documenting time sheets and Tom Brown transfers that information to ADP for payroll purposes.
>
> **DEFICIENCY:** Please identify these individuals by name as requested.

Request 17. Produce copies of any Excel spreadsheets or other documents used to calculate payout to tip-based employees for a period between March 23, 2020 to date.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Eight

materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

**DEFICIENCY:** Nothing responsive to this request has been produced. Please produce the documents as requested.

Request 19. Produce copies of any payroll reports, sale tax reports, tips and cash reports generated by your point-of-sale software for the time frame from March 23, 2020 to date.

**RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

**DEFICIENCY:** Payroll reports were produced (D0095-107) which included detail for the named Plaintiffs only. No documents for tips and cash reports were provided except on the named Plaintiffs. Credit card and cash tips reports were not provided. Please provide those documents.

Request 20. Produce copies of all clock-in and -out reports including the overtime calculation for employees that you have been requested to identify in paragraph 1 for the time frame from March 23, 2020 to date, including the time sheets for those individuals.

**RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Nine

> **DEFICIENCY:** Only a few employees overtime reports have been produced (D0095, 98, 101 & 107) and there has been no supplement. Please provide the documents requested.

Request 21. Produce copies of any and all pay stubs generated by you, ADP or others for the employees you have been requested to identify in paragraph 1 for the time frame from March 23, 2020 to date.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

> **DEFICIENCY:** No pay stubs have been produced and no supplement has been made. Please produce the documents as requested.

Request 22. Identify by name and inclusive dates of employment individuals employed at Tom Brown's who were employed at an hourly rate in excess of the minimum wage and who also shared in the tips generated by the tip credit servers. For each such individual, share the dates and amount of money shared by each from the tip pool.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

> **DEFICIENCY:** No substantive response to this interrogatory has been provided. Please answer the request as stated.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Ten

Request 24. Explain the mechanism in which the Defendants accounted for and distributed tips generated by the tip-credit employees including tips paid in (a) cash, and (b) tips paid from credit cards. If that policy and procedure changed at any time since March 23, 2020 to date, please indicate the date and nature of such changes.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that tips are tracked through the CAKE POS system. Defendants further state that tipped employees claim cash tips and submit records of same on a Form 4070 or Form 3070A. Absent this reporting of cash tips, defendants would have no knowledge of same. Additionally, pursuant to rule 33(d) of the Federal Rules of Civil Procedure, defendants will produce non-objectionable materials from which an answer to this interrogatory may be ascertained to the extent any responsive materials exist.

> **DEFICIENCY:** This response does not answer the request as stated. The current answer only states how the tips are tracked - not the mechanism by which tips are paid and accounted for by employee, nor does the answer state if the policy/procedure has changed since March 23, 2020. Please answer the request as stated.

Request 26. Identify by name and title the person(s) that would testify to Defendants' twenty-second affirmative defense: "Any tip pool by servers of Tom Brown's was a valid tip pool under 29 U.S.C. § 203(m)" and produce all documents supporting such claim.

> **RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections and reserving the right to supplement this answer upon further discovery, Defendants state that they expect employees and managers of Tom Brown's will testify that Tom Brown's has a valid tip pool.

> **DEFICIENCY:** This does not fully answer the interrogatory. Please provide the name and title and produce all documents supporting your claim. No documents have been produced.

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
August 1, 2023
Page Eleven


      Please let us have your supplemental responses to resolve the deficiencies indicated above within the next 14 days. These are now well past due. If you have any questions about our concerns, we are available to meet and confer. I look forward to hearing from you.

                                   Sincerely yours,

                                   G. Daniel Evans

GDE/jbi