FILED

2023 Nov-13  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JUSTIN CELESKI, *et al*.,        )
                                 )
     Plaintiffs,            )
                                 )
v.                            )  Civil Action Number: 5:22-CV-01600-HNJ
                                 )
TOM BROWN'S RESTAURANT    )
AT MADISON, LLC, *et al.,*        )
                                 )
     Defendants.          )

## RESPONSE TO PLAINTIFFS' MOTION TO COMPEL BY DEFENDANTS

Defendants Tom Brown's Restaurant at Madison, LLC ("Tom Brown's),

Tom E. Brown, and Ashley W. Brown (collectively, "defendants") submit this

response to the motion to compel filed by plaintiffs in this case on October 27,

2023 (doc. 29):

### I.    FACTUAL BACKGROUND

1.    On May 9, 2023, defendants were served with plaintiffs' written

discovery requests, including interrogatories, request for admissions, and request

for production (collectively, "discovery requests").

2.    On June 7, 2023, defense counsel contacted plaintiffs' counsel

requesting a 30-day extension to respond to plaintiffs' discovery requests due to

multiple unrelated conflicts. Plaintiffs' counsel agreed to this extension. (Ex. A,

June 7, 2023 Email).

3.    On July 7, 2023, defense counsel emailed plaintiffs' counsel requesting that plaintiffs agree to a protective order to prevent disclosure of certain non-party information located in various documents and reports which would ultimately be produced by defendants in response to plaintiffs' request for production. Plaintiffs' counsel did not agree to a protective order, and to date, this issue has not been fully resolved. (Ex. B, July 7, 2023 Email).

4.    On July 10, 2023, defendants responded to plaintiffs' discovery requests, and despite the absence of a protective order, also produced 446 documents responsive to plaintiffs' request for production. These documents were Bates-labeled D00001 through D00446, inclusive. (Ex. C, July 10, 2023 Letter).

5.    On August 1, 2023, while in the process of compiling additional documents responsive to plaintiffs' requests, defense counsel received correspondence from plaintiffs' counsel claiming various deficiencies in defendants' discovery responses and requesting supplementation within 14 days. (Doc. 29-1). Plaintiffs also requested a privilege log based on some of defendants' responses asserting a privilege. (Id.).

6.    On August 15, 2023, in a good faith attempt to resolve any discovery dispute without court intervention, defense counsel sent a letter addressing plaintiffs' deficiency concerns and enclosing the requested privilege log. Defense counsel also explained to plaintiffs' counsel the challenges Tom Brown's—a small

business with little administrative support to assist—was encountering with respect to their overly broad and expansive discovery requests. Nevertheless, defendants worked diligently to compile and produce nearly 2,000 additional documents responsive to plaintiffs' request for production. Those documents are Bates-labeled D00447 through D02281, inclusive. (Ex. D, August 15, 2023 Letter).

7.    On August 16, 2023 and August 17, 2023, defendants again produced additional documents responsive to plaintiffs' request for production. Those documents are Bates-labeled D02282 through D02378, inclusive. (Ex. E, August 16, 2023 Letter; Ex. F, August 17, 2023 Letter).

8.    On September 6, 2023, counsel for both parties communicated by telephone to discuss the remaining claimed deficiencies. That same day, plaintiffs' counsel sent a letter to defense counsel reciting specifics of that conversation and laying out additional discovery deficiencies. Within the letter, defendants were given 14 days to provide additional supplementation to plaintiffs' discovery requests. (Doc. 29-2).

9.    On September 15, 2023, defendants provided verified responses to plaintiffs' interrogatories and produced an additional 1,100 additional documents responsive to plaintiffs' request for production. Those documents are Bates-labeled D02379 through D03509, inclusive. (Ex. G, September 15, 2023 Letter).

10.    On October 3, 2023 and October 16, 2023, defense counsel received additional letters from plaintiffs' counsel outlining more claimed deficiencies in defendants' discovery responses and responsive documents. (Docs. 29-3 and 29-4). Throughout this time, defendants continued to compile documents as able while simultaneously running two businesses six days a week.

11.    On October 23, 2023, defense counsel received yet another letter from plaintiffs' counsel stating that "since we have not received substantive responses to the deficiencies outlined in my letter dated October 3, 2023, I anticipate filing a motion to compel this Friday, October 27th." (Doc.29-5).

12.    On October 27, 2023 at 3:31 p.m., while defendants were vigorously compiling documents and defense counsel was preparing them for production that same day, plaintiffs filed the motion to compel that is currently before the Court. (Doc. 29).

13.    Still, at 4:36 p.m. on October 27, 2023, defense counsel responded to plaintiffs' letters, reiterating again that Tom Brown's was diligently trying to timely comply with plaintiffs' broad-sweeping discovery requests and document production. However, due to the amount of material requested and the arbitrary time restraints imposed, defendants have had significant difficulty with compiling, reviewing, copying, and producing the requested documents within the time-frame requested. Nevertheless, defendants again produced an additional 2,000 documents

in response to plaintiffs' request for production. Those documents are Bates-labeled D03510 through D05681, inclusive. (Ex. H, October 27, 2023 Letter).

14.    In total, defendants have produced 5,681 documents in response to plaintiffs' expansive discovery requests—a number of which were only in hardcopy format and had to be scanned and others of which had to be requested by third-parties and defendants had no control over when the third-parties provided such documents. Indeed, defendants have outstanding requests with at least one vendor—7shifts—that it reasonably expects to receive and thereafter produce to plaintiffs.

## II.    ARGUMENT

15.    On May 9, 2023, plaintiffs served extensive discovery requests on defendants, including interrogatories and request for production.

16.    Defendants have been diligent in working to satisfy their discovery obligations by responding to all discovery requests in a timely manner, including plaintiffs' request for production. To the extent plaintiffs argue or suggest that defendants have taken lightly or shirked their discovery obligations, nothing could be further from the truth.

17.    On October 27, 2023, regardless of defendants' efforts to fully comply with plaintiffs' discovery requests, plaintiffs filed a motion to compel anyway. (Doc. 29).

18.    Plaintiffs' motion to compel seeks an order from the Court compelling defendants to produce various documents responsive to plaintiffs' request for production. (Id.).

19.    To date, defendants have produced over 5,500 documents responsive to plaintiffs' request for production, and defendants are continuing to compile responsive documents on a rolling basis as has been repeatedly communicated via counsel.

20.    It is ultimately clear to defendants from the subject matter and scope of these discovery requests that plaintiffs are attempting to seek production of materials relating to worksheets, sales and payroll reports, close-out statements, payroll tax returns, tip-credit employee information, pay stubs, and other business-related documents. Any documents responsive to these requests have been previously produced or will be produced by defendants when located or received by third-party vendors used by Tom Brown's.

21.    As stated above, Tom Brown's is a small business and has virtually no administrative support to assist with legal obligations, including hand-searching documents from off-site storage facilities and compiling them for production. Tom Brown's principal is working non-stop to keep two restaurant locations running while attempting to comply with plaintiffs' extensive discovery requests. Due to the nature of this collective/class action case, an enormous amount of time has

been needed to investigate, gather documents, review materials to prepare for production, and continue to operate Tom Brown's restaurant business at two different locations.

22.    Within the past 6 months, defendants have been diligent in collecting responsive materials and producing them as soon as practicable in response to the numerous discovery requests. In fact, defendants have produced documents on six separate occasions, and will continue that process as time allows.

23.    Furthermore, defense counsel has made it abundantly clear multiple times that defendants are working diligently to fully comply with their discovery obligations.

## III.    CONCLUSION

For the reasons discussed above, the Court should deny plaintiffs' motion to compel as defendants are timely and in good faith working toward satisfying their discovery obligations and will continue to gather and produce responsive documents on a rolling basis as time and circumstances permit.

[INTENTIONALLY LEFT BLANK]

*S/C. Gregory Burgess*
C. Gregory Burgess (ASB-1519-R79C)
Christopher M. Pape (ASB-7563-R66P)
Stephanie Margaret Hall (ASB-1050-F67A)

**Attorneys for defendants Tom Brown's Restaurant at Madison, LLC; Tom E. Brown; and Ashley W. Brown**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  cgb@lanierford.com
          cmp@lanierford.com
          smh@lanierford.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

G. DANIEL EVANS
D. PATRICK EVANS
ALEXANDRIA PARRISH
**THE EVANS LAW FIRM, P.C.**
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Email: dpevans@evanslawpc.com
           gdevans@evanslawpc.com
           ap@evanslawpc.com

*S/C. Gregory Burgess*
C. Gregory Burgess