# EXHIBIT D

Case 5:22-cv-01600-HNJ     Document 31-4     Filed 11/13/23     Page 1 of 3



**C. Gregory Burgess**
*256-533-9322 facsimile*
cgb@lanierford.com

LanierFord.com

Lanier Ford Shaver & Payne P.C.
2101 W. Clinton Ave., Suite 102
Huntsville, Alabama 35805
Mailing Address:
P.O. Box 2087 · Huntsville, Alabama 35804
256-535-1100 office

August 15, 2023

**VIA EMAIL TRANSMISSION**
dpevans@evanslawpc.com

DANIEL PATRICK EVANS
**THE EVANS LAWFIRM, P.C.**
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209

      Re:    *Justin Celeski, et al. v. Tom Brown's Restaurant at Madison, LLC, et al.*
              Civil Action Number: 5:22-cv-01600-HNJ

Dear Danny:

      This letter responds to yours of August 1, 2023 regarding defendants' objections and responses to plaintiffs' requests for production and interrogatories.

      As an initial matter, plaintiff's discovery requests in this collective/class action case were numerous and broad-sweeping in scope. Thus, while the initial extension was much appreciated, more time to investigate, gather information and documents, and review same was still needed. I trust you can understand how taxing and labor-intensive the discovery process can be on a small business like Tom Brown's which has virtually no administrative staff to help and its principal is simultaneously running two restaurants that operate six days a week.

      Be that as it may, enclosed are numerous additional documents responsive to plaintiffs' first request for production by defendants. They are Bates-labeled D00447 through D02281, inclusive, for identification purposes. Please also consider these documents as responsive to defendants' initial disclosures as well.

      As for the two pages Bates-labeled D00133 and D00134, we did not redact anything at all. The first page is a cover page for the handbook and the second page clearly states "Intentionally Left Blank." To avoid any further confusion, I have enclosed a copy of the document in Word format.

Daniel Patrick Evans
August 15, 2023
Page 2

With respect to request 1, we have not "improperly redacted" any information. The list titled "TBM Server Hire and Exit Dates" did not include any addresses. With that said, defendants have certain obligations to maintain the confidentiality of employees' personally identifiable information. Nevertheless, defendants are supplementing their production with copies of employees' personnel files, which include their addresses.

With respect to request 6, defendants reiterate their obligations to maintain the confidentiality of employees' personally identifiable information. Nevertheless, defendants will re-produce the documents Bates-labeled D0086 through D0094, inclusive, without redaction.

With respect to request number 7, defendants have supplemented their response and produced responsive documents. Additionally, it is my understanding that defendants have requested a copy of all 7Shifts communications from 7Shifts, but have not yet received any responsive documents. We will continue to monitor and keep you updated.

With respect to the remaining alleged deficiencies, we are continuing to gather documents and will promptly supplement on a rolling production basis as circumstances permit.

Lastly, enclosed is defendants' privilege log in accordance with rule 26(b)(5) of the <u>Federal Rules of Civil Procedure</u>. I trust this resolves any issues with regard to defendants' objections based upon the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. If not, let me know, please.

> Yours very truly,
>
> **LANIER FORD SHAVER & PAYNE P.C.**
>
> *Greg*
>
> C. Gregory Burgess

CGB/kd
Enclosures