# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JUSTIN CELESKI; ASHTON MURDOCK; RACHEL MARKUM, and ASHLEE HENTHORNE** on behalf of themselves and others similarly situated  )<br><br>**Plaintiffs,**  )<br><br>vs.  )<br><br>**TOM BROWN'S RESTAURANT AT MADISON, LLC; TOM EUGENE BROWN (individually); and ASHLEY WALKER BROWN (Individually)**  )<br><br>**Defendants.**  ) | **CIVIL ACTION NO.:**<br>**5:22-cv-01600-HNJ**<br><br>**OPPOSED**<br><br>**REQUEST FOR**<br>**ORAL ARGUMENT** |

## PLAINTIFFS REPLY IN SUPPORT OF MOTION TO COMPEL

Come now the Plaintiffs in the above-styled cause and make their reply in support for their Motion to Compel as follows:

Despite defense counsel's protestations of how diligently their client is working to respond to Plaintiffs' discovery requests, it has been six (6) months since Plaintiffs' made these requests and the Defendants have still not produced their own records showing how much they paid their servers.

After no response from defense counsel regarding the most recent letter and a proposed joint statement for this motion (ECF 29-7), Plaintiffs filed their Motion to

Compel on Friday, October 27, 2023. Hours later, Plaintiffs' counsel received 2,172 pages of documents. This production resolves Plaintiffs' requests #12, 14, 15, 19, 20, and 21, (ECF 29-7) leaving outstanding Requests # 2, 7, 17, and 26.

Defense counsel stated in August: "With respect to request number 7, defendants have supplemented their response and produced responsive documents. Additionally, it is my understanding that defendants have requested a copy of all 7Shifts communications from 7Shifts, but have not yet received any responsive documents. We will continue to monitor and keep you updated." (ECF 29-7 page 2 Supplemental Response on August 15, 2023). In response to the current motion, defense counsel has stated: "Indeed, defendants have outstanding requests with at least one vendor - 7shifts- that it reasonably expects to receive and thereafter produce to plaintiffs." (ECF 31, pg. 5 ¶14) However, those too have not yet been produced and no time is promised for that production.

7Shifts itself publicizes that all their Customers' Data is the Customer's property. ". . .nothing in the Agreement assigns or grants to 7shifts or any third party any right, title or interest including any intellectual property rights in or to Customer Data."(Exhibit 1, page 3, Data; Intellectual Property) Additionally, in its privacy policy 7shifts states:

"Customers' staff members create employee profiles to allow their

2

employer and fellow employees to interact with them on the Services. **At the Customers' discretion**, at any time, your access to Customer Data or data you entered into your employee profile which relates to your employment may be granted or revoked. **The Customer may retain any and all of this data in accordance with their privacy policy**." (Exhibit 2, pages 2-3)(**emphasis added**)

Per 7Shifts, the Defendants own and have immediate access to their data in the 7shifts app. Plaintiffs' request for this data is long overdue and Defendants have had ample time to collect their data and produce the same.

Similarly, Defendants have still not responded to the following deficiencies:

**Request 2.** For each of the individuals who worked at Tom Brown's as a tip-credit employee on or after March 23, 2020, produce their employment file, payroll records, and close-out statements for the dates of their employment.

> **SUPPLEMENTAL RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request. Specifically, defendants direct plaintiffs' attention to the employee personnel files, which were previously produced and Bates-labeled D00001 through D00081, inclusive; and D00191 through D01786, inclusive.
>
> **Plaintiffs' Position:** Please produce all close-out statements for all tip-credit employees. The documents you directed our attention to (D00001-D00081 and D00191-D01786 inclusive) do not contain close-out statements.
> Tom Brown's employee handbook states that "[a]t the end of each shift, tipped employees must disclose on the Server Check-Out form, the

amount of cash tips less any other employees." (D00305, D00259) Please produce the documents requested.

**Defendants' Position:** No position has been given by defense counsel. (ECF 29-7)

**Request 17.** Produce copies of any Excel spreadsheets or other documents used to calculate payout to tip-based employees for a period between March 23, 2020 to date.

**SUPPLEMENTAL RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they will produce non-objectionable materials, to the extent they are in their custody, possession, or control, that are reasonably responsive to this request.

**Plaintiffs' Position:** Nothing responsive to this request has been produced. Please state that there are no documents relating to this request if there are none. If you have documents responsive to this request, please produce them.

**Defendants' Position:** No position has been given by defense counsel. (ECF 29-7)**Request Number 26:** Identify by name and title the person(s) that would testify to Defendants' twenty-second affirmative defense: "Any tip pool by servers of Tom Brown's was a valid tip pool under 29 U.S.C. § 203(m)" and produce all documents supporting such claim.

**SUPPLEMENTAL RESPONSE Tom Brown's Restaurant:** Without waiving the foregoing objections, and reserving the right to supplement this answer upon further discovery, defendants state that they expect employees and managers of Tom Brown's will testify that Tom Brown's has a valid tip pool.

**Plaintiffs' Position:** This response does not identify by name and title the person. Please answer the question as worded. Additionally, no documents

have been identified to support this claim. Please identify all documents (by Bates number) that you believe support this claim. If none have been produced, please produce them.

**Defendants' Position:** No position has been given by defense counsel. (ECF 29-7)

The discovery Plaintiffs' requested is material, relevant and proportional to the claims in this case and is long overdue. Defendants have not stated that they do not have the requested documents. Instead, Defendants offer this Court excuses for an undetermined delay stating only that they are "continuing to compile responsive documents on a rolling basis" and "[a]ny documents responsive to these requests have been previously produced or will be produced by defendants when located or received by third-party vendors used by Tom Brown's." (ECF 31 page 6, ¶¶19, 20)

These excuses do not provide the shelter Defendants seek for this extreme delay. Plaintiffs have requested Defendants' **own** documents which Defendants created and are required by federal statute to keep. Furthermore, the United States Department of Labor (DOL) investigation was conducted covering this same period (June 1, 2020 to April 15, 2022) and put the Defendants on notice of these violations and the FLSA requirements to retain these records. The Plaintiffs' unsuccessful informal efforts to acquire the requested documents and to meet current schedules has left little option except asking this Court to compel the Defendants' production.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court, upon consideration of this matter, to enter an Order compelling the Defendants to fully respond to the discovery requested, and for such other further and more general relief as may be appropriate under these premises.

                RESPECTFULLY SUBMITTED,

                s/ G. Daniel Evans
                G. Daniel Evans
                ASB-1661-N76G
                D. Patrick Evans
                ASB-3209-R67G
                Alexandria Parrish
                ASB-2477-D66P
                The Evans Law Firm, P.C.
                1736 Oxmoor Road
                Birmingham, Alabama 35209
                Telephone:   (205) 870-1970
                Facsimile:    (205) 870-7763
                dpevans@evanslawpc.com
                gdevans@evanslaw.com
                ap@evanslawpc.com
                Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of November, 2023, I electronically filed the foregoing Plaintiffs Reply in Support of Motion to Compel with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
Counsel For Defendants Tom Brown's Restaurant at Madison, LLC, Tom Brown, and Ashley Brown:

C. Gregory Burgess, Esq.

Stephanie M. Gushlaw, Esq.
Christopher M. Pape, Esq.
Lanier, Ford, Shaver & Payne, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
E-mail: cgb@lanierford.com
        smg@lanierford.com
        cmp@lanierford.com
Phone: (256) 535-1100

                                            s/ G. Daniel Evans
                                            G. Daniel Evans