IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN CELESKI; ASHTON MURDOCK; RACHEL MARKUM, and ASHLEE HENTHORNE on behalf of themselves and others similarly situated,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>TOM BROWN'S RESTAURANT AT MADISON, LLC; TOM EUGENE BROWN (individually); and ASHLEY WALKER BROWN (Individually)  )<br><br>Defendants.  ) | CIVIL ACTION NO.:<br>5:22-cv-01600-HNJ |

### MOTION FOR CLASS CERTIFICATION

Come now the Plaintiffs and move the Court to certify this action as a class action on behalf of a 23(b) Class composed of :

All individuals who worked as a tip credit employee for Tom Brown's Restaurant in Madison and received a W-2 from Tom Brown's Restaurant for tax years 2020 or thereafter which overstated their income because of Tom Brown's policy of sharing their tips with other non tip credit employees.

Plaintiffs request that the Class be certified pursuant to the provisions of Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3). As grounds for this motion, Plaintiffs show the Court the following:

1. All of the prerequisites of Rule 23(a) are met, because:

(a) the Class includes over fifty (50) persons and is so numerous that the joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class members which predominate over any questions affecting only individual members;

(c) the claims of the named Plaintiffs are typical of the claims of the Class; and,

(d) the named Plaintiffs will fairly and adequately protect the interests of the Class. Counsel for the Plaintiffs, who are proposed as Class Counsel, are prepared and qualified to represent the Class and have actively pursued this matter. (See Affidavits of G. Daniel Evans, Alexandria Parrish and D. Patrick Evans attached to the evidentiary submission). The named Plaintiffs have no conflict with the members of the Class, and are willing to fulfill their duty to fully and adequately protect the interests of the Class.

2. Certification is appropriate under the provisions of Rule 23(b)(1) because the prosecution of separate actions by or against individual members of the Class would create (a) a risk of inconsistent or varying adjudications with respect to

individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class, or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

3. Certification is appropriate under the provisions of Rule 23(b)(2) because the parties opposing the Class have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

4. Certification is appropriate under the provisions of Rule 23(b)(3) because the questions of law or fact common to members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. In support of this motion, the Plaintiffs submit an Evidentiary Submission and Memorandum Brief.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon consideration of this matter, the requested Class Certification will be granted and that the undersigned will be appointed as Class Counsel, and for such other relief as the Court deems appropriate under these circumstances.

RESPECTFULLY SUBMITTED,

s/ G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Alexandria Parrish
ASB-2477-D66P
D. Patrick Evans
ASB-3209-R67G
The Evans Law Firm, P.C.
1736 Oxmoor Road
Birmingham, Alabama 35209
Telephone:  (205) 870-1970
Facsimile:   (205) 870-7763
dpevans@evanslawpc.com
gdevans@evanslaw.com
ap@evanslawpc.com
Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of July, 2024, electronically filed the foregoing Motion for Class Certification with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

C. Gregory Burgess, Esq.
Stephanie M. Gushlaw, Esq.
Lanier, Ford, Shaver & Payne, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
E-mail: cgb@lanierford.com
            smg@lanierford.com
Phone: (256) 535-1100

s/ G. Daniel Evans
G. Daniel Evans