FILED

2024 Oct-23  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN CELESKI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 5:22-cv-01600-HNJ |
| | ) | |
| TOM BROWN'S RESTAURANT | ) | |
| AT MADISON LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Tom Brown's Restaurant at Madison LLC, Tom Eugene Brown, and Ashley Walker Brown seek to re-open discovery after expiration of the Scheduling Order's discovery deadline.  As discussed herein, Defendants have not demonstrated good cause pursuant to Federal Rule of Civil Procedure 16 for extending the Scheduling Order deadline.  Accordingly, the court will deny Defendants' request.

Plaintiffs Justin Celeski, Ashton Murdock, and Rachel Markum, all of whom work or worked as servers or managers at Tom Brown's Restaurant in Madison, Alabama, filed this case on December 23, 2022, on behalf of all similarly situated servers and bartenders, asserting claims against Defendants, the restaurant's owners, for violations of the Fair Labor Standards Act (FLSA), as well as supplemental state law claims for breach of contract, unjust enrichment, and conversion. (Doc. 1).  On March 23, 2023, Plaintiffs filed an Amended Complaint adding Ashlee Henthorne as a

Plaintiff, and adding a claim pursuant to 26 U.S.C. § 7434, a provision of the Internal Revenue Code.  (Doc. 10).

On May 23, 2023, the court entered a Scheduling Order (Doc. 26), and on June 13, 2023, and January 17, 2024, it revised the Scheduling Order.  (Docs. 28, 41).  The operative Scheduling Order, entered January 17, 2024, set the following deadlines:

- Dispositive motions:  August 29, 2024
- Class Certification motions:  July 15, 2024, with responses due August 6, 2024
- Depositions of Plaintiff's expert:  by April 15, 2024
- Report from Defendants' expert:  by May 14, 2024, with expert depositions by June 17, 2024
- Discovery completion:  June 17, 2024
- Trial ready date:  January 1, 2025

(Doc. 41).

On July 16, 2024, after obtaining an extension of the relevant deadlines, Plaintiffs filed a motion to certify a class pursuant to Federal Rule of Civil Procedure 23(b).  (Doc. 44).  On July 19, 2024, Plaintiffs filed a motion for collective action certification and court-facilitated notice under the FLSA.  (Doc. 49).

On July 22, 2024, Defendants' attorneys filed a motion to withdraw and to extend all pending briefing and Scheduling Order deadlines.  (Doc. 52).  On that same date, the court temporarily suspended all deadlines pending a ruling on the motion to withdraw.  (Doc. 53).  On August 28, 2024, the court granted the motion to withdraw and ordered Defendants to appear through new counsel within 30 days.  (Doc. 56).  On September 27, 2024, new attorneys appeared on behalf of Defendants.  (Docs. 58-60).

2

On September 30, 2024, the court ordered the parties to file a joint proposed amended scheduling order and proposed briefing schedule for pending motions within seven days.  (Doc. 61).

The parties could not reach an agreement on the proposed orders.  Rather, on October 7, 2024, Plaintiffs filed a proposed amended scheduling order (Doc. 62), and Defendants filed an opposed motion to modify the scheduling order, seeking to reopen discovery to take Plaintiffs' depositions, obtain Plaintiffs' tax returns, and engage an expert witness to defend against Plaintiffs' claims under the Internal Revenue Code. (Doc. 63).  The court held a hearing on Defendants' motion on October 23, 2024.

As Defendants seek to conduct discovery after the Scheduling Order deadline expired, Federal Rule of Civil Procedure 16 governs their motion.  Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); s*ee also Smith v. Sch. Bd. Of Orange Cty.,* 487 F.3d 1361, 1366 (11th Cir. 2007) (citing Fed. R. Civ. P. 16(b); *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998)) ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted.").  The good cause inquiry typically focuses upon the diligence of the party seeking the extension.  *See Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note)) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"); *see also Johnson v. Mammoth Recreations,*

3

*Inc.*, 975 F.2d 604, 609 (9ᵗʰ Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Defendants bear the burden of demonstrating good cause under Rule 16 for failing to complete discovery within the Scheduling Order deadline.  *See ConSeal Int'l Inc. v. Neogen Corp.*, No. 19-CV-61242, 2020 WL 2494596, at *6 (S.D. Fla. May 14, 2020) (citing *Northstar Marine, Inc. v. Huffman*, No. 13-0037-WS-C, 2014 WL 3720537, *3 (S.D. Ala. July 28, 2014); *TIC Park Ctr., 9 LLC v. Cabot, No.* 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018)) ("The burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order.").   However, Defendants' brief focuses upon their need for additional discovery, the relevance of the information they seek to discover, and their desire to conserve resources in pursuit of settlement, not upon whether they acted diligently to comply with the discovery deadline before it expired.

The appearance of new counsel does not relieve Defendants of their burden to demonstrate good cause.  Defendants suggest their previous attorneys spent time unsuccessfully pursuing insurance coverage for Plaintiffs' claims, but that endeavor would not have prevented those attorneys from also diligently pursuing discovery prior to the expiration of the Scheduling Order deadline.  Courts repeatedly hold that a change in litigation strategy does not constitute good cause under Rule 16, as a litigant is "bound by the actions of his freely-chosen counsel." *Quinn v. Deutsche Bank Nat. Tr. Co.*, 625 F. App'x 937, 940 (11ᵗʰ Cir. 2015) (citing *Barger v. City of Cartersville, Ga.,* 348

F.3d 1289, 1295 (11th Cir. 2003), *overruled on other grounds by Slater v. United States Steel Corp.*, 871 F.3d 1174, 1177 (11th Cir. 2017)); *see also Delk v. UPS-Atlanta Hub*, No. 1:18-CV-5635-MHC-CCB, 2021 WL 2517786, at *4 (N.D. Ga. Mar. 5, 2021) (assertion that a plaintiff moved for leave to amend complaint as soon as possible after obtaining new attorneys did not constitute "the diligence that Plaintiff must show to establish good cause under Rule 16"); *Am. Builders & Contractors Supply Co. v. Precision Roofing & Consulting, LLC*, No. 2:17CV97-WHA, 2018 WL 358508, at *2 (M.D. Ala. Jan. 10, 2018) (rejecting motion seeking "to conduct formal discovery apparently as a change in strategy, rather than as a request based on facts previously unavailable"); *Fed. Trade Comm'n v. Roca Labs, Inc.*, No. 8:15-CV-2231-T-35TBM, 2017 WL 11002078, at *2 (M.D. Fla. May 2, 2017) ("The only apparent bases for the filing of the Motions, that Defendants have obtained new counsel and have embarked on new litigation strategies, are not sufficient to establish good cause.").

Because Defendants have failed to establish good cause under Rule 16 for conducting discovery outside the Scheduling Order deadline, the court **DENIES** Defendants' motion to modify the Scheduling Order to reopen discovery. The court will enter a separate order reestablishing briefing deadlines and unexpired Scheduling Order deadlines.

**DONE** and **ORDERED** this 23rd day of October, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE